NO. 07-01-0358-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 11, 2002



______________________________




JACKIE R. THOMAS A/K/A JACKIE PERRY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436100; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Jackie R. Thomas a/k/a Jackie Perry filed a Motion to Dismiss Appeal on
December 28, 2001, averring that she no longer wishes to prosecute her appeal. The
Motion to Dismiss is signed by both appellant and her attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Justice
































Do not publish.



n: center">EX PARTE KATHARINE ELISABETH CASE



_________________________________



FROM THE 100TH DISTRICT COURT OF HALL COUNTY;



NO. 7274; HON. STUART M. MESSER, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 
MEMORANDUM OPINION

 
          Appellant, Texas Department of Public Safety (Department), appeals an order of
expunction entered by the 100th District Court of Hall County, Texas, expunging an arrest
record of Katharine Elisabeth Case for the offense of possession of marijuana. Agreeing
with the Department, we reverse and remand the matter to the trial court.
 
Factual Background
          Case filed a petition for expunction requesting that the court enter an order
expunging an arrest for possession of marijuana from her criminal record. Within 30 days
of the filing of the petition, Case presented the County Court of Hall County with an order
of expunction. Realizing that the County Court of Hall County did not have jurisdiction over
an expunction matter, Case presented a second order of expunction entered by the
presiding judge of the 100th District Court of Hall County. One of the parties cited in the
petition as a law enforcement agency having criminal records pertaining to Case was the
Department. The Department did not receive notice of the filing of the petition for
expunction or of the hearing on the request for expunction. After the expunction order was
entered, the Department gave notice of appeal. By one issue, the Department contends
that the trial court abused its discretion by setting a hearing on the petition for expunction
without notice to all respondents named in the petition. 
Hearing Petition Without Notice
          The standard of review for the granting of a petition of expunction under the present
fact pattern is abuse of discretion. An abuse of discretion is shown when the trial court
acts in an arbitrary, unreasonable manner and without reference to any guiding rules and
principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Guidance for the
trial court in the matter of an expunction is found in Chapter 55 of the Texas Code of
Criminal Procedure, specifically article 55.02. See Tex. Code Crim. Proc. Ann. art. 55.02
(Vernon 2008).


 Article 55.02 sets forth the requirement that the trial court set a hearing
on the matter of the expunction no sooner than 30 days from its filing and give notice to all
respondents named in the petition by certified mail, return receipt requested, or secure
electronic mail, electronic transmission, or facsimile transmission. Art. 55.02, § 2(c)(1), (2). 
That these procedures were not complied with has been confessed by Case and, further,
is so reflected in the record. Failure to abide by the procedures for notice to the
Department is an abuse of discretion. See Landon v. Jean-Paul Budinger, Inc., 724
S.W.2d 931, 939-40 (Tex.App.–Austin 1987, no writ). As a result, the Department is
entitled to have the expunction set aside and the matter remanded to the trial court for
another hearing that comports with the requirements of the statute. See Tex. Dep’t of Pub.
Safety v. Arbelo, 170 S.W.3d 734, 736 (Tex.App.–Amarillo 2005, no pet.). 
          Because we find the trial court abused its discretion, we reverse the trial court order
of expunction and remand this matter back to the trial court for further proceedings.
 
Mackey K. Hancock

Justice